UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**LAVONNE WHITE**                                                                                **PLAINTIFF**

vs.                                                                        **CIVIL ACTION NO. 3:19-CV-114-CRS**

**AETNA LIFE INSURANCE COMPANY**                                 **DEFENDANT**

## MEMORANDUM OPINION

### I. INTRODUCTION

This matter is before the Court on two motions of Defendant Aetna Life Insurance Company ("Aetna"). First, Aetna moves for partial dismissal, or in the alternative, to stay proceedings and compel arbitration as to Plaintiff's employment discrimination claim. DN 10. Second, Aetna moves to dismiss Plaintiff's state-law claim for breach of contract and to strike Plaintiff's demand for jury trial pursuant to ERISA. DN 12. Plaintiff filed a single response (DN 14) to the two motions, to which Aetna replied (DN 16). This matter is ripe for review.

### II. BACKGROUND

Plaintiff Lavonne White filed the instant action in state court asserting two claims: (1) breach of contract related to the denial of long-term disability benefits and (2) employment discrimination under the Kentucky Civil Rights Act. DN 1-2. Aetna removed the action to this Court on the grounds that Plaintiff's claims against Aetna invoke this Court's federal question jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. DN 1.

### A. The Arbitration Agreement

Plaintiff was employed by Aetna[1] as a fulltime supervisor in clinical health services. DN 1-2, at ¶ 11. As a condition of her employment, Plaintiff was required to agree to use Aetna's Arbitration Program for employment related disputes. Plaintiff's offer letter stated, in part, as follows:

> **Arbitration Agreement:** This offer and your acceptance are contingent upon your agreement to use the Company's mandatory/binding arbitration program rather than the courts to resolve employment-related legal disputes. In arbitration, an arbitrator instead of a judge or jury resolves the dispute, and the decision of the arbitrator is final and binding.

DN 10-2, at 4. Enclosed with Plaintiff's offer letter was a copy of the "Description of Aetna's Employment Dispute Arbitration Program," setting forth the terms of the arbitration program, and "Aetna's Employment Dispute Arbitration Program – Q&As." *Id.* at 6–11. The terms of the Arbitration Program provide:

> Except as otherwise specified, all employment-related legal disputes between employees and the Company will be submitted to and resolved by binding arbitration, and neither the employee nor the company will file or participate as an individual party or member of a class in a lawsuit in any court against the other with respect to such matters.

*Id.* at 6. The terms provide that the Arbitration Program "does not apply to workers' compensation claims, unemployment compensation claims, and claims under [ERISA]." *Id*. at 7.

### B. Plaintiff's Allegations

Through her employment, Plaintiff participated in a Long-Term Disability Benefits Plan administered by Aetna (the "Plan"). *Id.* at ¶¶ 6, 9. Plaintiff alleges that her job became increasingly stressful as a result of harassment by her supervisor(s) that she believes was based on racial

---

[1] Aetna notes that Aetna Life Insurance Company is not the proper party in this action as it relates to Plaintiff's employment discrimination claim because Plaintiff's proper employer for this claim is Aetna Medicaid Administrators, LLC. DN 10, at 1 n.1. This issue has not been developed at this stage. Aetna did not request dismissal on this ground and the parties have not briefed it.

discrimination. *Id*. at ¶ 13. Plaintiff began experiencing severe depression, anxiety, headaches, difficulty concentrating and speaking, memory problems, and weakness in her limbs. *Id*. at ¶ 14. Plaintiff was diagnosed with Functional Movement Disorder and, later, breast cancer. *Id.* at ¶¶ 25, 29. Plaintiff was unable to work and received short-term disability benefits which were terminated on August 7, 2016. *Id.* at ¶¶ 33, 34. Ultimately, Aetna denied Plaintiff Long-Term Disability benefits "on the basis that she suffered from pre-existing conditions." *Id*. at ¶ 34. Plaintiff appealed the denial, but the denial was affirmed on the grounds that "she suffered from pre-existing conditions and the Functional Neurologic Disorder, though not pre-existing, was not disabling."

Aetna moves to compel arbitration as to the employment discrimination claim and dismiss Plaintiff's breach of contract claim as preempted by ERISA. Aetna requests that Plaintiff's employment discrimination claim be dismissed, or alternatively, stayed. The Court addresses the arbitration issue first.

### III. LEGAL STANDARD

The Federal Arbitration Act ("FAA") was enacted with the purpose of reversing longstanding judicial hostility to arbitration agreements. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991). Since then, the United States Supreme Court has declared that the FAA "establishes a national policy favoring arbitration when the parties contract for that mode of dispute resolution." *Preston v. Ferrer*, 552 U.S. 346, 349 (2008).

Section 2 of the FAA provides that written arbitration agreements involving commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. In other words, the FAA ensures that arbitration agreements are as enforceable as any other contract, but does not make arbitration agreements more enforceable than other contracts. *Nat'l Labor Relations Bd. v. Alternative Entm't, Inc.*, 858 F.3d 393, 401 (6th Cir. 2017).

Before a court can compel arbitration, it "must engage in a limited review to determine whether the dispute is arbitrable." *Masco Corp. v. Zurich Am. Ins. Co.*, 382 F.3d 624, 627 (6th Cir. 2004) (*quoting Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 624 (6th Cir.2003)). That is, a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement. *Id.* The nonmovant must show that there is a genuine issue of material fact as to the validity or applicability of the agreement to arbitrate, which is the same standard used for summary judgment. *See Great Earth Companies, Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002).

## IV.  DISCUSSION
### A. Arbitration

Aetna moves to dismiss and compel arbitration of Plaintiff's employment discrimination claim. Plaintiff does not challenge Aeta's arguments that Plaintiff agreed to submit certain claims arising from her employment to arbitration, or that Plaintiff's employment discrimination claim is within the scope of the arbitration agreement. Instead, Plaintiff's sole argument is that the arbitration agreement, which was a condition of her employment, is invalid and unenforceable under Kentucky law.

### 1. Delegation Provision

Aetna argues that the enforceability of the arbitration agreement is for the arbitrator, not the Court, to decide pursuant to the delegation provision in the arbitration agreement. The provision Aetna refers to is contained in Paragraph 3 of the "Description of Aetna's Employment Dispute Arbitration Program" and provides that "[a] dispute as to whether this Program applies must be submitted to the binding arbitration process set forth in this Program." DN 10-2, at 7. However, it is necessary to look at the rest of the paragraph to provide context to this delegation provision. Paragraph 3, in full, provides:

4

> This Program does not apply to workers' compensation claims, unemployment compensation claims, and claims under [ERISA] for employee benefits. A dispute as to whether this Program applies must be submitted to the binding arbitration process set forth in this program.

*Id.*

Because arbitration is a matter of contract, "a party cannot be required to submit to arbitration any dispute which he has not agreed [] to submit." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002). And, as Aetna acknowledges, the question of whether the parties agreed to arbitrate is to be decided by the court "unless the parties *clearly and unmistakably* provide otherwise." *AT&T Tech., Inc. v. Commc'n Workers*, 475 U.S. 643, 649 (1986) (emphasis added).

The delegation provision that Aetna relies on does not clearly and unmistakably provide for the parties to arbitrate the issue of enforceability or validity of the arbitration agreement. The provision follows what types of claims are excluded from the arbitration agreement. Therefore, at best, the delegation provision indicates that the parties agreed to submit the question of whether a specific claim falls within the substantive scope of that agreement to the arbitrator.[2]

Aetna relies on *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63 (2010). That case is distinguishable because the delegation provision at issue in *Rent-A-Center* was clearer and broader than the one in this case. The delegation provision specifically provided that "[t]he Arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this Agreement including, but not limited to any claim that all or any part of this Agreement is void or voidable."

---

[2] As mentioned previously, Plaintiff does not dispute that her employment discrimination claim falls within the scope of the agreement to arbitrate. Instead, she argues that the arbitration agreement in unenforceable under Kentucky law.

5

*Id.* at 66. The delegation provision on which Aetna relies contains no such language regarding enforceability or validity of the Arbitration Agreement.

The Court concludes that the question of the enforceability of the Arbitration Agreement is for the Court, not the arbitrator, to decide.

### 2. Enforceability of the Arbitration Agreement

Plaintiff argues that the arbitration agreement, which conditions her employment on acceptance of the arbitration agreement, is unenforceable and invalid under Kentucky law. Plaintiff relies on Ky. Rev. Stat. § 336.700 and *Northern Kentucky Area Development District v. Snyder*, No. 2017-SC-000277-DG, 2018 WL 4628143 (Ky. Sept. 27, 2018). In *Snyder*, the Kentucky Supreme Court held that, pursuant to Ky. Rev. Stat. § 336.700(2), arbitration agreements conditioning employment upon their execution are unenforceable. *Id.* at *5. The court explained that Ky. Rev. Stat. § 336.700(2) is not preempted by federal law because it does not impede arbitration agreements, but rather merely prohibits conditioning employment on execution of an arbitration agreement. *Id.*

However, Kentucky State Senate Bill 7, which amends KRS 336.700 was signed into law on March 25, 2019.[3] The amendments expressly provide, *inter alia*, that an employer may require an employee or person seeking employment to execute an arbitration agreement as a condition or precondition of employment. Further, the amendments apply prospectively and retroactively. As this Court has already recognized, the amendment to KRS 336.700 effectively nullifies the Kentucky Supreme Court's holding in *Snyder*. *See Tassy v. Lindsay Entm't Enterprises, Inc.*, No. 3:16-CV-00077-TBR, 2019 WL 1455797, at *6 (W.D. Ky. Apr. 2, 2019). Accordingly, the law of Kentucky permits an employer, like Aetna, to condition employment upon an employee's

---

[3] The Court notes that the bill was signed into law nearly one month before Plaintiff filed her response which erroneously relies on an old version of the Kentucky statute.

agreement to arbitrate. The Court finds the arbitration agreement enforceable under Kentucky law. Plaintiff is required to arbitrate her employment discrimination claim pursuant to the terms of the parties' arbitration agreement.

**B. Preemption**

By separate motion, Aetna moves this court to dismiss Plaintiff's state-law claim for breach of contract as preempted by ERISA. Aetna also moves to strike Plaintiff's demand for a jury "as Plaintiff's [employment] discrimination claim is due to be dismissed or compelled to arbitration and the Sixth Circuit has routinely and consistently held that there is no right to a jury trial in an action under 29 U.S.C. § 1132." DN 12-1, at 7.

In Plaintiff's Reply to both motions, she concedes that "[a]fter further review, as to the issue of preemption regarding the breach of contract claim, Plaintiff resolves that this claim is preempted by ERISA." DN 14, at 11.

The Court agrees that the breach of contract claim is preempted as Plaintiff expressly seeks to recover long-term disability benefits allegedly due to her under the Plan. *See* DN 1-2, at ¶¶ 1, 34–39. *See also Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991) (holding state-law breach of contract claim for the recovery of benefits under an ERISA plan was preempted by ERISA). However, this does not mean the claim must be dismissed. And the reason lies in a distinction among the preemption doctrines.

In *Metropolitan Life*, the Supreme Court of the United States held that a claim which could be raised under 29 U.S.C. § 1132(a), but is actually stated in the complaint as a claim arising under state law, is completely preempted by ERISA, such that it necessitates a federal claim. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66–67 (1987). *See also Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("Once an area of state law has been completely pre-empted, any claim purportedly

7

based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law."). Indeed, complete preemption is the very basis Aetna used to remove this action to federal court. This is different than ordinary preemption which is raised as a defense to the allegations in a plaintiff's complaint and, if successful, results in the dismissal of a plaintiff's conflicting state law claim. *Id.* at 392. *See also Beeler v. W. S. Life Ins. Co.*, 247 F. Supp. 2d 913, 919–20 (S.D. Ohio 2002) (recognizing distinction between ordinary and complete preemption); *Allen v. Sara Lee Corp.*, No. 6:06-501-DCR, 2007 WL 445363, at *5 (E.D. Ky. Feb. 6, 2007) (same). Complete preemption does not terminate a claim, "but merely forces the Plaintiff to proceed subject to the rules of ERISA." *Beeler*, 247 F. Supp. 2d at 920 (citing *Nester v. Allegiance Healthcare Corp.*, 162 F. Supp. 2d 901, 905 (S.D. Ohio 2001).

An opinion from the Seventh Circuit is instructive. In *McDonald v. Household Intern., Inc.*, the Seventh Circuit reversed the district court's dismissal based on ERISA preemption. 425 F.3d 424 (7th Cir. 2005). The district court determined that because of ERISA preemption, the complaint had to either be dismissed under Rule 12(b)(6) or amended. *Id.* at 428. This was error. *Id.* Although the Seventh Circuit agreed that ERISA preempted the state law claims, the court held the plaintiff could proceed to litigate the claim under ERISA because "parties do not need to plead legal theories in their complaints in federal court." *Id.* at 425. Rather, the "real question was whether relief was possible based on any legal theory—ERISA included—under any set of facts that could be established consistent with the allegations." *Id.* at 428.

Aetna only moves to dismiss Plaintiff's state-law breach of contract claim as preempted by ERISA. While this Court agrees the state-law claim is preempted, the Court will not dismiss the claim. It is clear, and the parties agree, that Plaintiff is seeking to recover benefits allegedly due to her under the terms of the plan. Her breach of contract claim is, therefore, properly construed

as an ERISA claim under 29 U.S.C. § 1132(a)(1)(B)[4] and will be treated as such by this Court. The Court will strike Plaintiff's jury demand as she is not entitled to a jury trial under 29 U.S.C § 1132. *See Bair v. Gen. Motors Corp.*, 895 F.2d 1094, 1096–97 (6th Cir. 1990) (affirming district court's strike of plaintiff's demand for a jury in an action seeking benefits under ERISA).

### C. Dismiss or Stay the Action Pending Arbitration

A final consideration is whether the Court should dismiss this action or, instead, stay this proceeding pending arbitration of the employment discrimination claim.

The Sixth Circuit has held that in litigation, in which all claims are within the scope of the arbitration agreement, the Court may dismiss the matter without prejudice instead of staying the litigation. *Ozormoor v. T–Mobile USA, Inc.*, 354 F. App'x 972, 975 (6th Cir. 2009) ("[Plaintiff] challenges the dismissal of his suit, asserting that 9 U.S.C. § 3 requires district courts to stay suits pending arbitration rather than dismiss them. We have already rejected that argument."); *Hensel v. Cargill, Inc.*, 198 F.3d 245, 1999 WL 993775, at *4 (6th Cir. 1999) (unpublished table decision) ("Under § 3 of the FAA, if any separate claim is referable to arbitration, then a stay of proceedings on the remaining claims is mandatory. However, litigation in which all claims are referred to arbitration may be dismissed."); *see also Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000) ("The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration.").

Aetna urges us to dismiss the entire action under the erroneous assumption that the Court will dismiss the breach of contract claim under 12(b)(6) as preempted. As discussed above, while the breach of contract claim is preempted by ERISA, complete preemption does not require

---

[4] Section 1132(a)(1)(B) enables a participant or beneficiary of an insurance plan to bring a suit to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

9

dismissal under 12(b)(6). Accordingly, that claim remains and the action will be stayed pursuant to the FAA while the employment discrimination claim is arbitrated. *See* 9 U.S.C. § 3.

## V. CONCLUSION

Finding a valid arbitration agreement covers Plaintiff's employment discrimination claim against Aetna, the Court will grant Aetna's motion to compel arbitration. The Court will deny in part and grant in part Aetna's motion to dismiss Plaintiff's state-law claim and to strike demand for jury trial. Plaintiff's state-law breach of contract claim is preempted by ERISA and will be treated an ERISA claim under 29 U.S.C. § 1132(a)(1)(B). The Court will strike Plaintiff's demand for a jury trial from the complaint. Finally, the Court will stay the proceeding until the conclusion of the ordered arbitration. A separate order will be entered in accordance with this opinion.

May 29, 2019

**Charles R. Simpson III, Senior Judge**
**United States District Court**